# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

Benjamin A. Miller II (#94824),     )
    )
            Plaintiff,     )
    )    Case No. 18 C 50334
            v.     )
    )    Judge Philip G. Reinhard
Winnebago County Sheriff's Office, et al.,     )
    )
            Defendants.     )

## ORDER

The court has reviewed plaintiff's amended complaint [7] pursuant to 28 U.S.C. § 1915A, and it is dismissed without prejudice for failure to state a claim upon which federal relief can be granted. Plaintiff is granted until February 15, 2019 to submit a proposed second amended complaint that states a cognizable federal claim in light of the principles discussed in this order. Failure to do so will result in summary dismissal of this case for failure to state a claim. The Clerk of Court is directed to mail plaintiff a copy of this order, a blank amended complaint form, and instructions. Plaintiff's motion for attorney representation [9] is denied without prejudice.

## STATEMENT

Plaintiff Benjamin A. Miller II, an inmate confined at the Winnebago County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order of November 27, 2018, the court dismissed plaintiff's original complaint without prejudice to the submission of an amended complaint that was limited to a claim or claims that could be properly joined in one lawsuit. Now before the court is plaintiff's amended complaint, which alleges that he has been subjected to "unnecessary lockdowns at the Winnebago County Jail due to understaffing."

Under 28 U.S.C. § 1915A, the court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means

that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences" in the plaintiff's favor. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff's eight-line amended complaint alleges that he has been subjected to unnecessary lockdowns at the jail due to understaffing. ([7], at pg. 4.) Plaintiff states that this has caused him "undue emotional stress, mental anguish, increased aggression, increased anxiety, and increase[d] hostility in a situation that is already difficult to begin with." (*Id.*) Plaintiff attributes this problem to negligence on the part of the Winnebago County Board, which he states has $14 million in a public safety fund but has not used those funds to fully staff the county jail. (*Id.*)

Liberally interpreting plaintiff's allegations, the court finds that the complaint fails to state a colorable federal cause of action. Pretrial detainees do not have a "general liberty interest in movement outside [their] cell[s] guaranteed by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (affirming, in relevant part, 12(b)(6) dismissal of pretrial detainee's claim that lockdowns of his unit were "arbitrary and capricious"); *see also Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) ("The Due Process Clause … does not create a right for prisoners to leave the area around their cells, to visit other prisoners, or not to be subjected to lockdowns"). Thus, plaintiff has no right to procedural due process in connection with jail lockdowns. Rather, whether a lockdown (or repeated lockdowns) violates an inmate's rights is examined as a conditions-of-confinement claim. *See Higgason*, 83 F.3d at 809.

The Due Process Clause prohibits conditions that amount to punishment of a pretrial detainee for the crime with which he has been charged. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Courts analyze a pretrial detainee's claim of unconstitutional conditions of confinement under the Fourteenth Amendment's Due Process Clause, rather that the Eighth Amendment, which applies to convicted prisoners. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Under either standard, however, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind. An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need . . . such as adequate food, clothing, shelter, and medical care." *Id.* at 309-10 (internal citations and quotations omitted).

What constitutes a "sufficiently culpable state of mind" has been in flux since *Kingsley v. Hendrickson*, — U.S. —, 135 S.Ct. 2466, 2470 (2015), in which the U.S. Supreme Court applied an objective unreasonableness standard, rather than the Eighth Amendment deliberate indifference standard applied to convicted prisoners, to an excessive force claim by a pretrial detainee. Recently, the Seventh Circuit explicitly adopted this objective unreasonableness standard for inadequate medical care claims and suggested that this standard applies to all types of Fourteenth Amendment claims by pretrial detainees. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (observing that "the Supreme Court has been signaling that courts must pay careful attention to the different status of pretrial detainees" and "[w]e see nothing in the logic the Supreme Court used in *Kingsley* that would support [the] dissection of the different types of claims that arise under the Fourteenth Amendment's Due Process Clause."). In order to state a claim for unconstitutional

conditions of confinement under this standard, a pretrial detainee must allege facts supporting an inference "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

Here, plaintiff has not alleged facts suggesting that he can satisfy either prong of a conditions-of-confinement claim. First, the court discerns no objectively serious deprivation. When assessing the severity of a deprivation in the context of a conditions-of-confinement claim, the court must consider not only the nature of the hardship, but also its duration, and whether the hardship has caused harm. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012). "Punishment" requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Halmon v. Greer*, No. 14 CV 3607, 2015 WL 2357632, at *1 (N.D. Ill. May 14, 2015) (Kocoras, J.). Punishment in the constitutional sense generally requires allegations of extreme deprivations over an extended time. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *see also Bell,* 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment").

In this regard, frequent or protracted lockdowns may create conditions amounting to a constitutional deprivation when the periods of confinement deny an inmate the ability to exercise and trigger health concerns. *See Turley*, 729 F.3d at 652 (prisoner stated a claim where he alleged that frequent and lengthy lockdowns in small cells without opportunity to exercise caused health problems); *see also Smith*, 803 F.3d at 313 (lack of exercise can rise to the level of a constitutional violation when movement is denied to the extent that it causes muscle atrophy). In *Turley*, for example, the plaintiff alleged frequent lockdowns over a 33-month period, with the longest continuous lockdown for 81 days. 729 F.3d at 648; *see Turley v. Rednour*, No. 10-cv-789, 2011 WL 615027, at *1 (S.D. Ill. Feb. 11, 2011) ("During such lockdown periods, Plaintiff was locked in his cell 24 hours a day without privileges, exercise, or property.") The Seventh Circuit found these allegations sufficient to state a claim. *Turley*, 729 F.3d at 652.

By contrast, most short-term lockdowns do not pose such problems. *See Martin v. Lane*, 766 F. Supp. 641, 647 (N.D. Ill. 1991) (denial of recreation for a short period of time does not violate the Constitution); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) (state prisoner's prolonged confinement in administrative segregation was not a serious enough adversity to implicate the Eighth Amendment, notwithstanding his complaints about the lighting, food, temperatures, sleeping arrangements, and restricted time for showers and exercise in the segregation unit). Rather, a prisoner must articulate some "egregious deprivation" with respect to the conditions of his confinement. *Isby*, 856 F.3d at 523 (citing *Walker v. Shansky*, 28 F.3d 666, 672-73 (7th Cir. 1994)).

In the instant case, plaintiff has alleged no facts indicating the length or frequency of the lockdowns. Nor does he indicate what restrictions were placed upon him during these lockdowns. While plaintiff understandably alleges that the lockdowns are stressful, his brief complaint does not allege any facts indicating a sufficiently serious deprivation that rises to the level of a constitutional violation.

Next, the complaint does not allege facts supporting an inference that any particular jail official knew or should have known that the lockdowns posed an excessive risk to his health but failed to act reasonably to mitigate that risk. In this regard, courts must give correctional administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547 (collecting cases). As such, lockdowns by themselves do not violate an inmate's constitutional rights. *See Wrinkles v. Davis*, 311 F. Supp. 2d 735, 739-40 (N.D. Ind. 2004) (explaining that the Constitution "creates no liberty interest in inmates avoiding an institutional lockdown" and that "[i]nstitutional lockdowns . . . do not present the type of 'atypical' deprivation in which a state might conceivably create a liberty interest.").

Plaintiff names as defendants the Winnebago County Sheriff's Office, Winnebago County Board, and "Winnebago County Corrections." This is problematic for several reasons. First, "Winnebago County Corrections" is not a suable entity. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993).

Second, plaintiff names the "Winnebago County Sheriff's Office" as a defendant, but it is unclear whether he is attempting to proceed against Winnebago County Sheriff Gary Caruana in his individual or official capacity. To the extent that plaintiff contends that Winnebago County Sheriff Gary Caruana violated his rights in his individual capacity, he must allege some facts indicating that Sheriff Caruana was personally involved in the alleged deprivation. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). Supervisory officials can be personally liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citation omitted).

In regard to an official capacity claim, plaintiff must allege facts indicating that "his injury was the result of [an] . . . official policy or custom." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (citation omitted). "An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Id.* "The plaintiff also must establish a causal link between the . . . policy (or lack of policy) and the plaintiff's injury." *Id.* Plaintiff may be attempting to allege that the unnecessary lockdowns are the result of an official policy or so frequent as to be a widespread practice, but he has not alleged any facts that support either inference.

Third, plaintiff has not stated a claim against the Winnebago County Board. While the court has the ability to remedy constitutional violations, plaintiff should be aware that the "separation of powers" doctrine greatly limits the court's ability to review matters of legislative budgeting. "Principles of federalism and separation of powers impose stringent limitations on the equitable power of federal courts." *Lewis v. Casey*, 518 U.S. 343, 385 (1996). "Article III cannot be understood to authorize the Federal Judiciary to take control of core state institutions like prisons, schools, and hospitals, and assume responsibility for making the difficult policy judgments that state officials are both constitutionally entitled and uniquely qualified to make." *Id.* (citation omitted); *see also Cty. of Vernon v. United States*, 933 F.2d 532, 535 (7th Cir. 1991) ("The decision

of Congress not to appropriate funds for a particular Project normally is not reviewable by the judiciary") (citation omitted). The court can compel jail officials to rectify constitutional violations (should they exist), but it cannot compel the Winnebago County Board to allot more funds to the county jail.

For these reasons, the court dismisses plaintiff's amended complaint without prejudice for failure to state a claim. If plaintiff wants to proceed with this lawsuit, he must submit a proposed second amended complaint that states a federal claim against proper defendants. Any second amended complaint must be submitted on the court's required form. *See* Local Rule 81.1. It also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. FED. R. CIV. P. 11(b). Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the prior complaints and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint without reference to prior complaints. Any exhibits plaintiff wants the court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk of Court will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit a proposed second amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). The court declines to do so at this time because plaintiff's motion does not show that he has made any effort to retain counsel on his own. The motion could be denied on this basis alone. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc); *Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). The court further determines that plaintiff is capable of proceeding without counsel for the purpose of preparing a second amended complaint that provides more detail about his claims. Accordingly, plaintiff's motion for attorney representation is denied without prejudice to renewal should the case proceed on the second amended complaint.

Date: 01/14/2019                                    ENTER:

                                                    _Philip G. Reinhard_
                                                    United States District Court Judge


                                                    Docketing to Mail Notices. (LC)